UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL RIGGS,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>STEVE SISOLAK, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:22-cv-00465-MMD-CSD<br><br>ORDER |

　　　On January 3, 2023, the Court issued a screening order and granted Plaintiff until February 3, 2023, to file an amended complaint or the case would proceed on the other claims. (ECF No. 3 at 14-15.) That order also denied Plaintiff's motion for appointment of guardian ad litem and/or counsel. (*Id.* at 12-13.) Later, the Court denied Plaintiff's second motion for appointment of counsel and granted Plaintiff an extension of time to file his amended complaint until March 6, 2023. (ECF No. 8.)

　　　Plaintiff filed a second request for an extension of time (ECF No. 9) and a motion for reconsideration on the order denying his motion for appointment of counsel (ECF No. 10). Plaintiff asserts that he needs counsel to access materials he cannot get at the prison including a lawsuit filed against the Oregon Department of Corrections. (ECF No. 10 at 1-3.)

　　　A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

1       The Court denies the motion for reconsideration on the order denying Plaintiff's motion for appointment of counsel. (ECF No. 10). The Court did not commit clear error in its initial decision. Additionally, learning about a similar lawsuit in a different jurisdiction is not "newly discovered evidence" in Plaintiff's case. Here, Plaintiff's case is still at the screening stage. In the screening order, the Court granted Plaintiff an opportunity to provide additional facts supporting his conspiracy claim and Eighth Amendment deliberate indifference to serious medical needs claim. (ECF No. 3 at 11.) The Court directed Plaintiff to provide more factual allegations demonstrating that certain defendants within the Nevada Department of Corrections knew about Plaintiff's medical needs and purposely failed to treat him. (*Id.* at 10-11.) A lawsuit in Oregon would not provide Plaintiff with these factual details.

Although the Court denies Plaintiff's motion for reconsideration, out of an abundance of caution, the Court will refer the matter of Plaintiff's requests for an appointment of counsel and/or guardian ad litem to U.S. Magistrate Judge Craig S. Denney for further consideration of the matter. The Court grants in part the motion for an extension of time to file an amended complaint. (ECF No. 9.) If Judge Denney denies Plaintiff's requests for an appointment of counsel and guardian ad litem, Plaintiff will file an amended complaint within 30 days of that denial or this case will proceed on other claims. If Judge Denney grants Plaintiff's request for either an appointment of counsel or guardian ad litem, Judge Denney will issue an order outlining the deadline for filing an amended complaint.

It is therefore ordered that the motion for extension of time (ECF No. 9) is granted in part.

It is further ordered that the motion for reconsideration (ECF No. 10) is denied.

It is further ordered that the matter of Plaintiff's requests for an appointment of counsel and/or guardian ad litem are referred to U.S. Magistrate Judge Craig S. Denney for further consideration.

It is further ordered that, if Judge Denney denies Plaintiff's requests for an appointment of counsel and guardian ad litem, Plaintiff will file an amended complaint within 30 days of that denial order. If Plaintiff fails to timely file an amended complaint curing the deficiencies outlined in the screening order, this action will proceed only on the Eighth Amendment conditions-of-confinement claim against Defendants Daniels, Wickham, Williams, Garrett, LeGrand, Widmar, and the Doe C/Os.

It is further ordered that, if Judge Denney grants Plaintiff's request for an appointment of counsel or guardian ad litem, Judge Denney will issue an order setting a deadline for the filing of the amended complaint.

DATED THIS 8th Day of March 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE