UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL RIGGS,<br><br>  Plaintiff<br><br>v.<br><br>STEVE SISOLAK, et al.,<br><br>  Defendants | Case No.: 3:22-cv-00465-MMD-CSD<br><br>**Order** |

Plaintiff, who is a prisoner in custody of the Nevada Department of Corrections, filed an application to proceed in forma pauperis (IFP) and civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 1-1.)

On January 3, 2023, the district court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment conditions of confinement claim against Daniels, Wickham, Williams, Garrett, LeGrand, and Widmar based on allegations that they knew their response to COVID-19 was inadequate at Lovelock Correctional Center (LCC), but failed to take action to ensure inmate safety. As a result, Plaintiff contends that he contracted COVID-19 in December 2020, and continues to suffer from a variety of long-COVID symptoms. He was also allowed to proceed with an Eighth Amendment conditions of confinement claim against Doe correctional officers, when he learns their identity, based on allegations that they refused to wear masks, intentionally coughed in Plaintiff's direction when he asked why they were not masking, and failed to enforce the rule requiring inmates to wear masks. Plaintiff's Eighth Amendment conspiracy and deliberate indifference to serious medical needs claims were dismissed with leave to amend. The court gave Plaintiff 30 days to amend. (ECF No. 3.)

In addition, Plaintiff moved for the appointment of counsel or a guardian ad litem. The court denied the motion finding Plaintiff failed to demonstrate exceptional circumstances for the appointment of counsel. Nor did he raise a substantial question regarding his mental competence to justify the appointment of a guardian ad litem. (ECF No. 3.)

Plaintiff subsequently filed a motion for an extension of time to file his first amended complaint, as well as another motion for appointment of counsel. (ECF Nos. 6, 7.) The court denied the second motion for appointment of counsel without prejudice, as Plaintiff failed to identify exceptional circumstances justifying the appointment of counsel, and gave Plaintiff until March 6, 2023, to file his amended complaint. (ECF No. 8.) Plaintiff then filed a second motion for an extension of time to file his amended complaint, as well as a motion for reconsideration of the denial of his motion for the appointment of counsel. (ECF Nos. 9, 10.)

On March 8, 2023, the court denied Plaintiff's motion for reconsideration, but in an abundance of caution, referred Plaintiff's request for the appointment of counsel and/or guardian ad litem to the undersigned for further consideration. Plaintiff's request for an extension of time to file his amended complaint was granted in part. If the request for counsel/guardian ad litem is denied, Plaintiff has 30 days from such an order to file his amended complaint. If the request is granted, the undersigned will issue an order regarding the filing of the amended complaint.

Within **14 days** of the date of this Order, the Attorney General's Office shall advise the court whether it will enter a limited notice of appearance on behalf of Defendants for the purpose of responding to Plaintiff's request for appointment of counsel/guardian ad litem. If the Attorney General's Office is willing to enter a limited notice of appearance, then also within **14 days** of the date of this Order, the Attorney General's Office shall file a response to Plaintiff's request. The Attorney General's Office shall file under seal any **relevant** medical and mental health

2

records, and shall include with the response any other relevant records. Plaintiff may kite the warden's office to review any records filed under seal, and the Attorney General's Office shall ensure that Plaintiff is given a reasonable amount of time to review these records. Plaintiff will have **seven days** from the date he receives the response to file a reply brief. The court will also schedule this matter for a hearing.

The Clerk of Court shall electronically serve a copy of this Order, a copy of Plaintiff's complaint (ECF No. 4), a copy of the order screening the complaint (ECF No. 3), as well as ECF Nos. 5, 6, 8, 10 and 11, on the Nevada Attorney General's Office by adding the Nevada Attorney General's Office to the docket sheet. This will not constitute a general appearance.

**IT IS SO ORDERED**.

Dated: March 9, 2023

_____
Craig S. Denney
United States Magistrate Judge