UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| DANIEL RIGGS, | | Case No. 3:22-cv-00465-MMD-CSD |
| | Plaintiff, | ORDER |
| v. | | |
| STEVE SISOLAK, *et al.*, | | |
| | Defendants. | |

This order addresses Plaintiff's motion to stay the amended complaint deadline (ECF No. 38), and the motions for temporary restraining order ("TRO") (ECF No. 29), preliminary injunction ("PI") (ECF No. 30), and appointment of counsel related to Plaintiff's injunctive relief motions (ECF No. 31).

On January 3, 2023, the Court issued a screening order and granted Plaintiff until February 3, 2023, to file an amended complaint or the case would proceed only on the Eighth Amendment conditions-of-confinement claim related to allegations of an inadequate response to COVID-19 at Lovelock Correctional Center ("LCC"). (ECF No. 3 at 7, 14-15.) Later, out of an abundance of caution, the Court referred the matter of Plaintiff's requests for an appointment of counsel and/or guardian ad litem to U.S. Magistrate Judge Craig S. Denney for further consideration of the matter. (ECF No. 11 at 2.) The Court ordered that, if Judge Denney denied Plaintiff's requests for an appointment of counsel and guardian ad litem, Plaintiff's amended complaint deadline would be 30 days from the denial of those requests, or the case would proceed on other claims. (*Id.*) Judge Denney denied Plaintiff's requests for appointment of counsel and guardian ad litem on June 5, 2023. (ECF No. 37.) Plaintiff's amended complaint deadline is July 5, 2023.

On June 7, 2023, Plaintiff filed a motion to stay the amended complaint deadline pending his objection to Judge Denney's order. (ECF No. 38.) The Court grants Plaintiff's motion to stay the amended complaint deadline pending the resolution of Plaintiff's objection. Under 28 U.S.C. § 636(b)(1), Plaintiff must file his objection by Tuesday, June 20, 2023.[1] If Plaintiff does not file a timely objection, his amended complaint deadline remains July 5, 2023. If Plaintiff does not file a timely objection or timely amended complaint, this action will proceed only on the Eighth Amendment conditions-of-confinement claim against Defendants Daniels, Wickham, Williams, Garrett, LeGrand, Widmar, and the Doe C/Os.

On May 11, 2023, Plaintiff filed identical motions for TRO and PI (ECF Nos. 29, 30). In those motions, Plaintiff sought injunctive relief regarding unsafe drinking water at LCC due to a recently broken water pipe. (*Id.* at 1-2.) Plaintiff attached a notice from LCC prison officials directing inmates to boil their water from May 10-15, 2023, the date prison officials anticipated resolving the problem. (*Id.* at 11.) Plaintiff requested that prison officials provide him and other inmates bottled water through May 15, 2023. (*Id.* at 8.)

On May 25, 2023, Defendants responded that Plaintiff's motions were moot because the water line project was completed on May 15, 2023. (ECF No. 33 at 4.) Defendants also asserted that Plaintiff's injunctive relief motions did not relate to Plaintiff's underlying claims. (*Id.* at 2.)

In reply, Plaintiff argued that his request was not moot because water outages occurred one or two times a year and that he needed to ensure that he and other inmates had prompt access to bottled water. (ECF No. 35 at 2.)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am.*

---

[1] Monday, June 19, 2023, is a federal holiday.

*Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Moreover, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

However, "[a] court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

The Court denies Plaintiff's motions for injunctive relief (ECF Nos. 29, 30) because Plaintiff seeks injunctive relief based on a recent broken water pipe and water issues that are not based on the COVID-19 claims pled in the original complaint. The Court also denies Plaintiff's request for counsel for his injunctive relief motions (ECF No. 31) because he cannot pursue those issues in this case.

It is therefore ordered that the motion to stay amended complaint deadline (ECF No. 38) is granted.

It is further ordered that Plaintiff will file any objections to Judge Denney's order on or before June 20, 2023.

It is further ordered that, if Plaintiff does not file a timely objection, his amended complaint deadline remains July 5, 2023.

It is further ordered that, if Plaintiff does not file a timely objection or timely amended complaint, this action will proceed only on the Eighth Amendment conditions-of-confinement claim against Defendants Daniels, Wickham, Williams, Garrett, LeGrand, Widmar, and the Doe C/Os when Plaintiff learns their identities.

///

///

///

It is further ordered that the motions for TRO and PI (ECF Nos. 29, 30) and motion for appointment of counsel to pursue his injunctive relief motions (ECF No. 31) are denied.

DATED THIS 9th Day of June 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE